**CUN FENG DONG, Petitioner,**

v.

**Peter D. KEISLER,[1] Respondent.**

**No. 05–3411–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 24, 2007.

_____

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael Brown, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney, Eastern District of Missouri, Christina B. Moore, Assistant United States Attorney, St. Louis, Missouri, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Cun Feng Dong, a native and citizen of China, seeks review of a June 8, 2005 order of the BIA affirming the December 18, 2003 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dong,* No. A 97 391 155 (B.I.A. June 8, 2005), *aff'g* No. A 97 391 155 (Immig. Ct. N.Y. City Dec. 18, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304–05 (2d Cir.2007).

■ Substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun*

*Zhang,* 386 F.3d at 73 & n. 7. That determination was based, in part, on the IJ's assessment of Dong's demeanor, a finding which we afford particular deference. *Zhou Yun Zhang v. INS,* 386 F.3d at 73–74. Moreover, the IJ noted numerous inconsistencies in the record. Although several of the inconsistencies might be minor or collateral to Dong's claim, such as those involving date discrepancies, others involved whether his wife endured a forced abortion and whether he confronted government officials about China's family planning policy, and, as such, were central to his claim. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003); 8 U.S.C. § 1101(a)(42). Taken together, these discrepancies provided ample support for the IJ's adverse credibility determination. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

Contrary to Dong's argument, the IJ did not err in relying on Dong's credible fear interview in reaching the adverse credibility determination. Even applying the stricter standards for airport interviews, the BIA properly found that Dong's credible fear interview was reliable for the purpose of evaluating his credibility. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004). Dong fails to identify any evidence supporting his assertion that the interview report lacks reliability or that he might not have understood the questions asked of him "in English," especially where the record demonstrates that a translator was provided.

Because the only evidence that Dong's life or freedom would be threatened depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d

Cir.2006). We deny the petition for review to that extent.

However, because the IJ's frivolousness finding does not appear to comport with the requirements established by the BIA in *In re Y–L–*, 24 I. & N. Dec. 151 (B.I.A. 2007), that portion of the petition for review challenging the frivolousness finding is granted. *See Biao Yang v. Gonzales*, 496 F.3d 268, 278–79 (2d Cir.2007).[2] In *Y–L–*, the BIA established four procedural requirements that an IJ must follow in order to make a frivolousness finding: "(1) notice to the alien of the consequences of filing a frivolous application; (2) a specific finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 24 I. & N. Dec. at 156.

■ Here, the inconsistencies supporting the adverse credibility determination cannot support the IJ's frivolousness finding, because the IJ failed to separately evaluate how they might support such a finding. *See id.* at 155–57 ("We agree that the Immigration Judge must separately address the question of frivolousness....."); *Biao Yang*, 496 F.3d at 277 (remanding where the IJ "did not make specific factual findings supporting [the

frivolousness finding], except to arguably incorporate by reference findings he already made in the context of the adverse credibility determination"). In addition, the IJ never explicitly found, as required, that Dong knowingly and intentionally fabricated a material element of his claim. *See In re Y–L–*, 24 I. & N. Dec. at 157. Although the IJ found that Dong "appears to have fabricated a material element of his claim," the IJ determined that he could not "say with certainty, one hundred percent, what ... material element might be" fabricated. Moreover, the IJ at no time informed Dong that he was considering a frivolousness finding. *See id.* at 160; *Biao Yang*, 496 F.3d at 278–79 (remanding, in part, because the IJ failed to inform the petitioner that she was considering a frivolousness finding). Consistent with our holding in *Biao Yang*, on remand the BIA should reevaluate the IJ's frivolousness finding in light of its holding in *In re Y–L–*.

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir. 2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59

---

**2.** The Government's assertion that Dong failed to administratively exhaust his challenge to the IJ's frivolousness finding is unavailing. The IJ's frivolousness finding appears to have been based on his conclusion that Dong "fabricated a material element of his claim." In his brief before the BIA, Dong

argued that substantial evidence does not support the IJ's adverse credibility finding and, therefore, that the IJ's finding that he fabricated his asylum application is also unsupported. Dong thereby preserved this issue for appeal. *See Biao Yang*, 496 F.3d at 277 n.7.

(2d Cir.2003)). Here, Dong failed to challenge the IJ's denial of CAT relief in his appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to that denial. 8 U.S.C. § 1252(d)(1). Additionally, we lack jurisdiction to review Dong's argument that the BIA abused its discretion by issuing an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). *See Kambolli v. Gonzales,* 449 F.3d 454, 463 (2d Cir. 2006). We dismiss the petition for review to this extent.

Finally, Dong's motion to supplement the administrative record must be denied because we lack the authority to consider additional evidence that was not previously considered by the agency. *See* 8 U.S.C. § 1252(b)(4)(A).

For the foregoing reasons, the petition for review is DISMISSED, in part; DENIED, in part; and GRANTED, in part. Petitioner's motion to supplement the administrative record is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).